# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| THALISIA NECHILLE SCOTT, ) | Case No. 25-10829-SDB |
| ) | |
| Debtor. ) | |
| ) | |
| IN RE: Vanderbilt Mortgage and Finance, ) | |
| Inc., ) | |
| ) | |
| MOVANT, ) | |
| ) | |
| vs. ) | |
| ) | |
| Thalisia Nechille Scott, DEBTOR, ) | |
| HUON LE, CHAPTER 13 TRUSTEE, ) | |
| ) | |
| RESPONDENTS. ) | |
| ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND
WAIVER OF FED. R. BANK. P. 4001(a)(4) and 11 U.S.C. 362(a) and (e)**

    **COMES NOW** Vanderbilt Mortgage and Finance, Inc., (hereafter referred to as "Movant"), and moves the Court for entry of an Order modifying the Automatic Stay Against Lien Enforcement to permit Movant to enforce its security interest in collateral or, in the alternative, for adequate protection and says that Debtor has engaged in Bad Faith by filing this petition and solely to delay Vanderbilt from enforcing its rights to the collateral as already determined in Debtor's previous case (24-10491):

1.

Debtor filed a Petition under Chapter 13 of the Bankruptcy Code on November 3, 2025. On that date, Debtor had an interest in a certain Manufactured Home and that certain piece of real property commonly known as:

    **2024 CMH Manufactured Home with Vehicle Identification Numbers of CWP057825TNAAC and 4895E Georgia Highway 88, Wrens, Georgia 30833.**

**2**

Debtor, along with Co-Debtor Juriesha Jaquan Johnson is indebted to Movant on a Promissory Note and Security Deed dated October 26, 2023, said Note and Deed being secured by the Manufactured Home and real property listed in paragraph 1 above.

**3**

The Debtor has defaulted on his obligation to Movant by failing to make the monthly installment payments when due (monthly payment is $1,419.57). Debtor's account is due for over $27,421.00 (Debtor is over 1 year past due).

**5**

The Debtor continues to use or have use of said property which is resulting in the depreciation of it. As a result of said depreciation and the default, Movant's interest in said property is not adequately protected.

**6**

Because the contract between the parties provides that Debtor is responsible for Movant's attorney's fee in pursuing legal actions such as this, Movant is entitled to recover reasonable attorney's fees under 11 U.S.C. §506(b). Alternatively, Movant is entitled to recover attorney's fees and costs as a form of adequate protection.

**WHEREFORE,** Movant requests the Automatic Stay of Section 362(a) and (e) of the Bankruptcy Code be modified to permit Movant to enforce its right to take possession of said property and dispose of same in accordance with the terms of its security documents and applicable state law, and further requests that should any deficiency result from the disposition of the property, Movant be entitled to file a Proof of Claim from said deficiency; that Movant be awarded reasonable attorney's fees and costs; that the stay provision of B.R. 4001(a)(4) be waived; and that Movant be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted this 4th day of November, 2025.

**GODWIN LAW GROUP**

s/ Jason B. Godwin
Jason B. Godwin
Georgia Bar No.: 142226
Attorney for Vanderbilt Mortgage and Finance, Inc.
3985 Steve Reynolds Boulevard, Building D
Norcross, Georgia 30093
Phone: 470-427-2683
jgodwin@godwinlawgroup.com